UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CALVIN HINTON, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:13-cv-00017-RDP |
| READY MIX USA LLC, | } |
| Defendant. | } |

# MEMORANDUM OPINION

This case is before the court on a Report and Recommendation related to Defendant's Motion for Summary Judgment (Doc. 17). On January 13, 2015, the Magistrate Judge entered a Report and Recommendation in this case (Doc. 27), recommending that the court:

(1) grant Defendant's Motion for Summary Judgment as to Plaintiff's age discrimination claims (Count One);

(2) deny Defendant's Motion for Summary Judgment as to Plaintiff's race discrimination claims regarding "termination"[1] (Count Two);

(3) deny Defendant's Motion for Summary Judgment as to Plaintiff's race discrimination claims regarding Defendant's failure to recall Plaintiff to work (Count Two); and

(4) deny Defendant's Motion for Summary Judgment as to Plaintiff's claims for front and back pay.

(Doc. 27 at 16). The parties were allowed fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. (*Id.*). On January 27, 2015, Defendant filed objections to the Magistrate Judge's Report and Recommendation (Doc. 28), and on February 6, 2015, Plaintiff responded (Doc. 30). In its objections to the Magistrate Judge's Report and

---

[1] The parties dispute the exact nature of the termination – *i.e.*, whether Plaintiff was fired or laid off.

Recommendation, Defendant argues that summary judgment should be granted on both Plaintiff's separation and failure to recall claims.

After careful consideration of the Magistrate Judge's Report and Recommendation, Defendant's objections, and the Rule 56 record, the court **ADOPTS IN PART** and **ACCEPTS IN PART** the Report and Recommendation of the Magistrate Judge.  The court **ACCEPTS** the Magistrate Judge's Report with respect to recommendations (1), (2), and (4) above.  However, the court **REJECTS** the Report as to recommendation (3).  Accordingly, the court concludes Defendant's motion is due to be granted as to Plaintiff's failure to recall claim.

I.      **Plaintiff's Discriminatory Termination Claim**

The Magistrate Judge concluded that there is a triable issue regarding Plaintiff's termination. (Doc. 27 at 10-12).  The court agrees.

The Magistrate Judge based his recommendation on the convincing "mosaic" of five categories of evidence showing: (1) Defendant's only justification for the reduction of force was lack of work; (2) Plaintiff was the only black employee hired by Plant Manager Carl Walker and the only person Defendant ever let go due to a lack of work; (3) a trier of fact could infer racial animus on the part of Walker because of his conduct and racially inappropriate comments in the workplace; (4) management failed to follow company policy with regard to Walker's offensive behavior and comments; and (5) shortly after Plaintiff's termination, Defendant hired two white employees. (*See* Doc. 27 at 11).  Defendant challenges the Magistrate Judge's recommendation, arguing that summary judgment should be granted on Plaintiff's wrongful termination claim because the Rule 56 record does not present a genuine issue of material fact.  But Defendant's arguments in this respect are off the mark.

Both Plaintiff and Raymond Smith, one of his former coworkers, offered testimony disputing that there was actually a lack of work which would justify a reduction in force. In fact, they each have testified that there was "plenty of work" at the plant. (Doc. 19-1, Pl. Dep. 79:13-14; Doc. 19-6, Smith Dep. 17:3-6). For the purposes of summary judgment, and contrary to Defendant's assertion otherwise, it is irrelevant that Plaintiff's testimony is self-serving. *Price v. Time, Inc.*, 416 F.3d 1327, 1345 (11th Cir.), *as modified on denial of reh'g*, 425 F.3d 1292 (11th Cir. 2005) ("Courts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving."); *see also United States v. Davis*, 809 F.2d 1509, 1512-13 (11th Cir. 1987) (holding defendant's "self-serving testimony, by itself, created a jury question"). Additionally, Plaintiff's testimony describing the circumstances existing at the time of his separation is corroborated by one of his coworkers who had personal knowledge of the circumstances in his absence.

In addition, the undisputed evidence demonstrates that (1) at the time Plaintiff was terminated he was one of four employees at the plant and (2) within three months of Plaintiff's separation, the plant was back to employing four employees. (Doc. 23-6, R. Jarrell Dep. 17:11-12). This is evidence in the Rule 56 file which, if believed by the jury, could call into question Defendant's reason for terminating Plaintiff. And, it is circumstantial evidence that forms part the "mosaic" picture noted by the Magistrate Judge. (Doc. 27 at 14). Finally, as the Magistrate Judge also observed, "the fact that there were only three employees prior to Smith's resignation does not exclude the possibility that the work load might have supported a fourth employee." (Doc. 27 at 11 n. 8). It is emphatically not the court's province to resolve the genuine factual disputes that exist between Plaintiff and Defendant; rather, that is the job of the jury.

The Rule 56 record supports the Magistrate Judge's conclusion that there is a genuine dispute of material fact as to whether the actual reason that Plaintiff was terminated was a lack of work. Accordingly, the court accepts the Magistrate Judge's Report and Recommendation that summary judgment is due to be denied with regard to Plaintiff's wrongful "separation" claim.

## II.     Plaintiff's Failure to Recall Claims

Defendant also objects to the Magistrate Judge's Report and Recommendation which denied summary judgment on Plaintiff's failure to recall claim. Specifically, Defendant argues that there is no issue of fact for a jury to decide as to that claim because Plaintiff admits he was not qualified to be rehired. To make a showing of a discriminatory failure to recall, Plaintiff must prove that he was qualified for the position which the employer was seeking applications. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002).[2] The court concludes that Defendant is entitled to summary judgment on this particular claim[3] because Plaintiff has failed to make a showing sufficient to establish the existence of an essential element of his case

---

[2] In an unreported failure to recall case, the Eleventh Circuit has held that to survive summary judgment a plaintiff must prove (1) he is a member of a protected class; (2) he applied for and was *qualified* for a position for which the employer was accepting applications; (3) despite his qualifications, he was not hired; and (4) the position remained open or was filled by another person outside of his protected class. *See, e.g.*, *Lane v. Broward Cnty., Fla.*, 411 F. App'x 272, 273 (11th Cir. 2011) (quoting *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002)). The court finds this unbinding authority persuasive.

[3] In his Report and Recommendation, the Magistrate Judge noted that:

> Ready Mix makes an aside that it was not surprising that Plaintiff did not reapply for a position with Ready Mix considering he testified he was unable to work in 2012 and 2013 because of his disability. (Doc. 18 at 11). While this fact might have been the basis for a convincing argument regarding whether Hinton was qualified to be recalled Defendants do not make such an argument.

(Doc. 27 at 14 n. 11). However, Defendant argues in its Brief in Support of Its Motion for Summary Judgment that, "[t]he company cannot be held liable for failing to hire the plaintiff for a position for which he did not apply, *much less for one Plaintiff admits he was not able to fulfill*." (Doc. 18 at 11 (emphasis added)). Furthermore, in Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment, Plaintiff recognizes that "Defendant also argues [Plaintiff's] disability status precludes his claim." (Doc. 24 at 28).
  (Note: the court agrees with the Magistrate Judge that, due to the ambiguity surrounding the application of Defendant's Temporary Lay Off Policy, the court cannot conclude that Defendant is entitled to judgment as a matter of law on Plaintiff's failure to recall claim *solely* because Plaintiff did not *reapply*. A reasonable factfinder could conclude that Defendant's Temporary Lay Off Policy applied and thereby may have excused Plaintiff's failure to apply.)

(*i.e.*, his qualification to continue working at Defendant's plant), *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) — an element upon which he will bear the burden of proof at trial. *Joe's Stone Crab*, 296 F.3d at 1273.

Here, the undisputed Rule 56 record shows that Plaintiff was unable to work from the time of Plaintiff's separation (December 15, 2011) to the date of his deposition (December 2, 2013). (Pl. Dep. 91:4-10). This is not a case where a non-movant points out that an element of Plaintiff's claim is not met, and relies only upon circumstantial evidence to do so. Rather, Plaintiff himself testified at his deposition that he was unable to work throughout 2012 or 2013. In addition to Plaintiff's own testimony on this issue, the Social Security Administration also determined Plaintiff was disabled as of the date of his separation, December 15, 2011. (Doc. 19-8, SSA Declaration, at 2). Accordingly, Plaintiff cannot assert that Defendant discriminated against him by failing to recall him, particularly when any such recall to work was impossible due to his admitted inability to work.

Plaintiff's reliance on *Cleveland v. Policy Management System Corp.*, 526 U.S. 795 (1999), is misplaced. In *Cleveland*, the Court held that an award of Social Security disability benefits, *on its own*, is insufficient to establish Plaintiff's inability to work. 526 U.S. at 801-05. However, in this case, the evidence that Plaintiff was awarded Social Security benefits does not stand alone. Instead, Plaintiff's own sworn deposition testimony undermines his failure to recall claim. (Pl. Dep. 91:4-10). As discussed above, Plaintiff bears burden of proving that he is a qualified applicant. *See Joe's Stone Crabs, Inc.*, 296 F.3d at 1273. Yet, Plaintiff himself has testified that, in crystal clear terms, he was unable to work anytime in 2012 and 2013. (Pl. Dep. 91:4-10). As such, Plaintiff has failed to carry his burden of establishing he was *ready*, *willing*, and *able* to work.

Here, Defendant has offered uncontroverted evidence (which includes Plaintiff's own sworn admission against interest) challenging Plaintiff's qualification for recall. The court finds that the undisputed Rule 56 record demonstrates that it is undisputed that Plaintiff was, in fact, unable to work in 2012 and 2013. Accordingly, Defendant's Motion for Summary Judgment (Doc. 17) is due to be granted on Plaintiff's failure to recall claim. And, to the extent that it conflicts with this holding, the court rejects the Magistrate Judge's Report and Recommendation in that respect.

**III.   Conclusion**

For the reasons stated above, the court finds Defendant's Motion for Summary Judgment (Doc. 17) is due to be granted in part and denied in part. The court finds Defendant's Motion for Summary Judgment on Plaintiff's age discrimination claim (Count One) is due to be granted; Defendant's Motion for Summary Judgment on Plaintiff's race discrimination claim regarding his termination (Count Two) is due to be denied; Defendant's Motion for Summary Judgment on Plaintiff's race discrimination claim regarding Defendant's failure to recall (Count Two) is due to be granted; and Defendant's Motion for Summary Judgment on Plaintiff's claims for front and back pay is due to be denied.[4]

A separate order in accordance with the Memorandum Opinion will be entered.

**DONE** and **ORDERED** this March 19, 2015.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[4] Technically, no objection has been asserted to the Magistrate Judge's ruling on back pay and front pay. At the pretrial of his case, the parties should be prepared to discuss how Plaintiff's admitted inability to work from December 15, 2011 through, at least, the date of his deposition in December 2013, affects his back pay and front pay claims.